UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JASPER ROBINSON, ET AL.** | **CASE NO. 6:18-CV-01062** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GENE LIPPS, ET AL.** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court in this civil rights suit is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendants Lafayette City-Parish Consolidated Government ("LCG") and Officer Gene Lipps ("Lipps"), individually and in his official capacity as a police officer for LCG. [Doc. No. 15]. Pursuant to their motion, Defendants seek dismissal of all claims brought against them by Plaintiff Jasper Robinson ("Robinson") and his two minor children. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.[1]

### I. Factual Background

Plaintiff Jasper Robinson brings this suit for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as related state law tort claims pursuant to this Court's supplemental jurisdiction, 28 U.S.C. § 1367. Robinson's Complaint alleges that:

4.

. . .

> On July 15, 2017, JASPER ROBINSON ("Mr. Robinson") along with several family members and friends attended his Mother's wedding which was located on the corner of Cameron and St. Antoine Street in Lafayette, Louisiana. Mr. Robinson briefly left the wedding venue by foot to go to his mother's home

---

[1] The Court notes two Defendants (City-Parish President Joel Robideaux and Chief Toby Aguillard) have not made an appearance in this matter to date. Accordingly, this Ruling has no bearing on any claims asserted against those Defendants.

which was located on the 200th block of Bienville when a fight broke out down the street involving 30 to 40 people.

5.

Simultaneously Officer Gene Lipps was dispatched to the corner of Bienville and Cameron where the disturbance was taking place which was also located down the street from where Mr. Robinson and his family were situated.

6.

Officer Lipps made several verbal commands to the crowd which had gathered around the altercation to move across the street where Mr. Robinson and his family were located. At such time, Mr. Robinson and his family proceeded to walk in the street to observe what was going on.

7.

Officer Lipps then moved across the street where Mr. Robinson and about 10 to 15 of Mr. Robinson's family and friends were standing and commanded them to get out of the street. As Mr. Robinson complied, he asked Officer Lipps not to touch him and moved off of the street. As a result the following verbal exchange ensued:

> Officer Lipps: I said get out of the street, **TRY ME**.
> Mr. Robinson: Don't touch me, you can't touch me.
> Officer Lipps: I can't really? You're blocking traffic.
> Mr. Robinson: I ain't blocking no traffic.
> Officer Lipps: You're blocking traffic would you like to tell me what the law is.
> Mr. Robinson: Man I ain't bothering you, handle ya f***ing business.
> Officer Lipps: **I'M ABOUT TO HANDLE MY BUSINESS IF YOU DON'T QUIT TALKING AND JUST STAY OUT OF THE STREET.**
> Mr. Robinson: Quit talking for what? You ain't f***ing with me baw.

8.

Immediately following Mr. Robinson's last statement, Officer Lipps charged Mr. Robinson who was in the middle of a crowd of his family. Mr. Robinson and the rest of the crowd backed up which resulted in Officer. Lipps [sic] "suplex" slamming Mr. Robinson head first on the concrete, In [sic] front of Mr. Robinsons Family member [sic] including his two minor children . . . .

9.

At the time of this violent attack Mr. Robinson did not pose a threat to Officer Lipps. Mr. Robinson sustained serious physical injuries to his lower back and knee, cuts and bruises around his eye, knee, and elbows. Along with mental and psychological injuries as a result of the attack at the hands of Officer Lipps. [sic]

10.

Mr. Robinson was subsequently arrested and charged with Disturbing the Peace, Remaining after Forbidden, and Resisting an Officer.

11.

Mr. Robinson was brought to the Lafayette City-Parish Consolidated Government Police Department, where he received no medical attention for his injuries even after specifically requesting medical services.

12.

Officer Lipps acted with criminal intent and malice in the attack of Mr. Robinson. Additionally, he filed false charges to cover his criminal behavior and attack of Mr. Robinson.

[Doc. 11 at 3-5 (emphasis in original)]

Based upon these allegations, Robinson asserts claims for: (1) unlawful arrest by Lipps in violation of the Fourth Amendment to the United States Constitution; (2) excessive force by Lipps in violation of the Fourth Amendment to the U.S. Constitution; (3) violation of his right to due process under the Fourteenth Amendment of the U.S. Constitution[2]; (4) state law tort claims for false arrest and imprisonment, assault and battery, failure to provide medical attention, and negligent and intentional infliction of emotional distress. Robinson additionally asserts a claim of

---

[2] Robinson labels his first three claims as violative of the United States Constitution, as well as violative of unidentified "provisions of the Louisiana Constitution." None of the parties to this motion have addressed the viability of any claim asserted under the Louisiana Constitution. Therefore, the Court declines to address any such claims.

vicarious liability against LCG[3] for the tortious acts of its employee, Officer Lipps. Finally, Robinson and Andrea Williams assert state law claims on behalf of their two minor children for loss of consortium and bystander damages. [Doc. No. 11 at 6-7]

## II. Standard of Review

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161-62. When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (internal quotation marks omitted). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. However, conclusory allegations and unwarranted deductions are not accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint which merely "tenders naked assertions devoid of further factual

---

[3] This claim is additionally asserted against City-Parish President Joel Robideaux and Chief Toby Aguillard.

enhancement" will not survive a motion to dismiss. *Iqbal* at 678 (internal quotation marks and alterations omitted). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain something more than a statement of facts which merely creates a suspicion of a legally cognizable right of action. *Twombly* at 555.

In considering a Rule 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). However, "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir.2014). Further, "the court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343, n. 6 (5th Cir.1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570, n. 2 (5th Cir.2005). This includes "the record of the underlying litigation." *Cal Dive* at 216, n. 1 (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461, n. 9 (5th Cir. 2007)). Finally, a complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy. . . ." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 1357 (3d ed. 2004); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013).

### III. Federal Claims

#### A. Applicable Law

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws. . . ." 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Section 1983 "is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). To state a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).

**B.   Whether Robinson's claim for unlawful arrest is barred by *Heck v. Humphrey***

Defendants contend Robinson's claim for unlawful arrest is "barred by the *Heck* doctrine in light of Robinson's conviction on the resisting an officer charge." [Doc. No. 15-1 at 10]. Robinson does not directly address this argument in his briefing. The Court finds Robinson is precluded from seeking damages under § 1983 for his alleged unlawful arrest, because he stands convicted of resisting an officer in violation of Lafayette City-Parish Government Code of Ordinances, Sec. 62-66, and a judgment in Robinson's favor on this claim would necessarily imply his underlying conviction is invalid. [Doc. No. 15-3].

Robinson was convicted of resisting an officer on July 15, 2017, in the City Court of Lafayette. *Id.* He did not appeal that judgment, and the delay for filing an appeal has passed. *See* La. Code Civ. P. art. 5002. It is well settled that under *Heck*, a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arises out of the same facts attendant to the charge for which he was convicted, unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). When confronted with a § 1983 claim, *Heck* requires the district court to first consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard* at 396 (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)). Stated differently, "a § 1983 claim, which alleges harm based upon conduct that would imply that the conviction is invalid, does not mature until the conviction has been lawfully set aside." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). This limitation is commonly referred to as "the favorable termination rule." *Id.*; *Johnson v. Thibodaux City*, 887 F.3d 726, 732 (5th Cir. 2018).

Applying these principles to the present case, because Robinson's conviction of resisting an officer has not been set aside or invalidated, the Court must determine whether a judgment in Robinson's favor in this case would "necessarily imply the invalidity of his sentence." *Ballard* at 396. Robinson's unlawful arrest claim plainly arises from the same facts as his conviction for resisting an officer. *Heck* at 486 n.6 (a § 1983 claim seeking damages for unlawful arrest is barred where a plaintiff was convicted of resisting a lawful arrest because such a civil claim would require the plaintiff to negate an element of the offense for which he was convicted). Allowing Robinson to recover under § 1983 for an unlawful arrest would necessarily imply that his conviction for resisting an officer was invalid. *Johnson* at 732. This is so because to prove that the arrest was an unlawful seizure, Robinson would have to demonstrate that Lipps lacked probable cause for the arrest which, in turn, would demonstrate the invalidity of Robinson's conviction for resisting an

officer. *See Joiner v. Smith*, 69 F.3d 536, 539 (5th Cir. 1995). Accordingly, *Heck*'s favorable termination rule precludes Robinson's unlawful arrest claim until such time as his conviction is reversed on direct appeal, expunged by executive order, declared invalid by a competent state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck* at 487.

### C. Whether Robinson's claim for excessive force is barred by *Heck v. Humphrey*

Defendants contend Robinson's claim for excessive force under § 1983 is likewise barred by *Heck*. [Doc. No. 15-1 at 11-17]. According to Defendants, Robinson's claim of excessive force "would necessarily call into question the validity of his criminal conviction" for resisting arrest and therefore is barred by *Heck*'s favorable termination rule. [Doc. No. 15-1 at 17]. Robinson responds that his claim of excessive force is not barred by *Heck*, because the force used to effect his arrest "was excessive and unnecessary in response to Mr. Robinson's words alone." [Doc. No. 17 at 4]. According to Plaintiff, "[w]hile there is no dispute that Mr. Robinson was convicted of resisting an officer, plaintiff will be able to show that the actions which lead [sic] to his conviction are separate and distinct from the actions that lead [sic] to Defendant Lipps use of force." *Id.* Plaintiff concludes, "[s]ince there has been no allegation that Mr. Robinson's conviction of resisting arrest or Defendant Lipps' use of force was caused by the violence by Mr. Robinson a jury may find that the use of force was unnecessary or that the force was excessive." *Id.* at 5.

The favorable termination rule set forth in *Heck* applies not only to claims for an "unconstitutional conviction or imprisonment," but also to claims "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck* at 486. "If a judgment in the plaintiff's favor would necessarily imply that his conviction is invalid, then the § 1983 action is not cognizable unless the conviction were reversed on direct appeal, expunged,

declared invalid or otherwise called into question in a habeas proceeding." *Ballard*, 444 F.3d at 397. However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir.2018) (quoting *Heck*, 512 U.S. at 487).

"Although the *Heck* principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive, requiring [courts] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). In conducting this analysis, courts are to assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence," asking whether the claim is "necessarily inconsistent" with the conviction, or whether the claim can "coexist" with the conviction without calling the conviction into question. *Smith* at 185 (internal quotation marks omitted; citing *Bush* at 498; *Ballard*, 444 F.3d at 400–01); *see also Bush* at 498. "How *Heck* applies to excessive force claims is not always clear. By proving an excessive force claim, a plaintiff will not invariably invalidate his conviction." *Arnold v. Town of Slaughter*, 100 Fed.Appx. 321, *2 (5th Cir. 2004) (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)).

Whether *Heck*'s favorable termination rule precludes Robinson's excessive force claim based on these principles requires the Court to look to the statutory language underlying the conviction as well as the elements of Robinson's claim. Robinson was convicted of resisting an officer in violation of LCG Code of Ordinances § 62-66. The ordinance provides in pertinent part as follows:

(a) Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.

(b) (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification and connotation, mean the following:

> a. Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
> b. Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
>
> c. Refusal by the arrested or detained party to give his name and make his identity known to the arresting or detaining officer or providing false information regarding the identity of such party to the officer.
>
> d. Congregation with others on a public street and refusal to move on when ordered by the officer.

LCG Code of Ordinances § 62-66. To prevail on his claim of excessive force, Robinson must prove, inter alia, that Lipps' use of force was objectively unreasonable under the circumstances. *Ballard* at 398 (citing *Graham v. Connor*, 490 U.S. 386, 395-97 (1989)). As set forth by the Supreme Court:

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Graham v. Connor*, 490 U.S. 386, 396 (1989) (citations omitted; internal quotation marks and alterations omitted). Therefore, the dispositive question in determining whether *Heck* precludes Robinson's excessive force claim is whether a finding that Lipps' use of force was objectively unreasonable would necessarily call into question the validity of Robinson's conviction for resisting Lipps. *Ballard* at 398.

The LCG ordinance for resisting an officer prohibits, in part, "obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest. . . ." LCG Ord. § 62-66. The ordinance defines "obstruction" broadly to include the refusal by an arrested or detained party to provide his or her name, and congregation with others on a public street and refusal to move on when ordered by an officer. *Id.* According to the Complaint, Lipps "commanded [Robinson] to get out of the street." [Doc. No. 11 at ¶ 7]. "As Mr. Robinson complied, he asked Officer Lipps not to touch him and moved off of the street." *Id.* After the two exchanged words, Lipps immediately charged Robinson and "slamm[ed] Mr. Robinson head first on the concrete." *Id.* at ¶ 8. "Mr. Robinson was subsequently arrested. . . ." *Id.* at 10.[4] The pleadings and evidence before the Court at this time, however, do not delineate the grounds for Robinson's conviction or the full timeline of events.[5] As a result, Robinson's allegations support multiple scenarios, some

---

[4] The fact that Robinson does not allege complete innocence in the encounter distinguishes this case from *Arnold*, upon which Defendants heavily rely. *Arnold v. Town of Slaughter*, 100 Fed.Appx. 321 (2004) (summary judgment properly granted on excessive force claim where plaintiff did not assert "police used excessive force after he stopped resisting arrest or even that the officers used excessive and unreasonable force to stop his resistance," but instead insisted he was viciously attacked by police for no reason; because the criminal trial court had found plaintiff resisted an officer "by being hostile and threatening and by initiating confrontation," plaintiff's civil suit, if successful, would establish that his criminal conviction lacked any basis); *see also Ducksworth v. Rook*, 647 Fed.Appx. 383, 386 (5th Cir.2016) ("Where a complaint describes 'a single violent encounter in which the plaintiff claimed he was an innocent participant' but the allegations are inconsistent with his conviction, *Heck* applies to bar his excessive-force claims") (quoting *Daigre v. City of Waveland*, 549 Fed.Appx. 283, 286 (5th Cir.2013)).

[5] The only evidence before the Court is the "Minutes of Court" from Robinson's trial. The Minutes do not reveal what facts the criminal court relied upon to sustain the conviction. [Doc. No. 15-3].

of which would survive dismissal under *Heck*. For example, if Robinson was arrested due to a failure to "move on" from a public street "when ordered by the officer," LCG Ord. § 62-66, and excessive force was used once his resistance ceased (i.e., after he complied with Officer Lipps' command), Robinson's claim of excessive force would not necessarily undermine the validity of his conviction for resisting an officer as a matter of law. *See e.g. Rogers*, 71 Fed.Appx. 441, *1 n.2 (noting that a conviction for disorderly conduct under Mississippi law, which criminalizes the failure to obey an officer's directives as well as the use of physical force against an officer, could allow a plaintiff to challenge the amount of force used by officers without implicating the validity of the conviction under the proper factual scenario); *Bush*, 513 F.3d at 499 (finding summary judgment was improperly granted on the grounds that plaintiff's excessive force claim was barred by *Heck* where plaintiff produced evidence that the excessive force occurred after she stopped resisting arrest, and holding "the fact findings essential to her criminal conviction" were not "inherently at odds" with the claim of excessive force); *Ballard*, 444 F.3d at 395, 401 (finding that the nature of plaintiff's simple assault conviction and the nature of his excessive force claim – i.e. that officers used force far greater than that required for his arrest – were "such that a judgment in favor of [plaintiff] on his § 1983 claim would not undermine the validity of his conviction"); *see also Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (assuming without deciding that a successful excessive force claim would not imply the invalidity of a conviction for resisting a search); *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 2006); *Magee v. Reed*, 2017 WL 930650, *12 (E.D.La. March 9, 2017). On the other hand, if the conduct underlying Robinson's conviction for resisting an officer continued during and contemporaneously with the arrest, and that conduct warranted the level of force used in effectuating Robinson's arrest, *Heck* may very well bar this claim. *See e.g. Curran v. Aleshire*, 800 F.3d 656, 660 (5th Cir. 2015) (police officer was not entitled to qualified

immunity on claim of excessive force where, although it was undisputed plaintiff struck officer, there was a factual dispute as whether officer's use of force was "a split-second response" to plaintiff's battery and/or continued resistance, or whether the officer's use of force was "conceptually distinct" in timing from plaintiff's earlier resistance).

The Court cannot determine which of these scenarios apply based on the Complaint and the matters judicially noticed without the facts underlying Robinson's conviction and the timeline for these facts and the alleged use of excessive force. Without this information, the Court cannot determine, as a matter of law, whether Robinson's excessive force claim is inconsistent with his conviction for resisting arrest given the breadth of LCG Ord. § 62-66. *See Pratt v. Giroir*, 2008 WL 975052, *6 (E.D. La. April 8, 2008). Nor can the Court discern whether the excessive force claim is "temporally and conceptually distinct" from the facts underlying his conviction. Under Rule 12(b)(6), courts must view the allegations of a complaint in the light most favorable to the plaintiffs. Here, the allegations set forth in the Complaint do not trigger *Heck*'s bar to relief as a matter of law when viewed in the light most favorable to Robinson. In sum, the Court cannot rule out the possibility that the force used was objectively unreasonable when compared to "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest," *Graham*, 490 U.S. at 396, or that excessive force was used after Robinson's "resistance" ceased. Accordingly, Defendant's motion to dismiss must be denied with regard to Robinson's claim of excessive force.[6]

---

[6] The remaining cases cited by Defendants are likewise distinguishable on their facts. In those cases, the plaintiffs were convicted of an offense which, by definition, required a finding that the plaintiffs had used physical force against the arresting officers. *See Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996) (plaintiff's excessive force claim was barred by *Heck* where plaintiff was convicted of battery of an officer, because under Louisiana law self-defense is a justification defense to the crime of battery of an officer, and therefore a finding that the officers had used excessive force in plaintiff's arrest would allow plaintiff to argue that rather than committing battery of an officer, he had acted in self-defense, thereby invalidating his conviction); *accord Nelson v. Cauley*, 2005 WL 221349 (N.D.Tex. 2005) (plaintiff convicted of aggravated

**D.    Whether Robinson has stated a claim for violation of his due process rights**

In the Complaint, Robinson alleges Lipps violated his "right to due process of law guaranteed under the 14th Amendment to the United States Constitution." [Doc. No. 11 at ¶ 13]. He additionally states "Officer Lipps along with other Lafayette City-Parish employees showed deliberate indifference to the rights, safety, dignity, and medical needs of Mr. Robinson." *Id.* The Court thus presumes this claim arises out of Robinson's allegation that after his arrest, he "was brought to the Lafayette City-Parish Consolidated Government Police Department, where he received no medical attention for his injuries even after specifically requesting medical services." *Id.* at ¶ 11. Robinson does not address this claim in his opposition to the motion for summary judgment.

> As stated by the Fifth Circuit:
>
> Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. To succeed in a § 1983 action based on "episodic acts or omissions" in violation of Fourteenth Amendment rights, a pretrial detainee must show subjective deliberate indifference by the defendants. That is, the plaintiff must show that the official knew of and disregarded a substantial risk of serious harm. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference. To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." Under § 1983, officials are not vicariously liable for the conduct of those under their supervision. Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff.

*Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419–20 (5th Cir. 2017) (internal citations, quotation marks, and footnote omitted). In this matter, Robinson has failed to set forth any *factual* allegations in his Complaint showing Defendants showed "deliberate indifference" toward his

---

assault of a public servant, and criminal jury found no justification for plaintiff's conduct); *Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (summary judgment properly granted dismissing plaintiff's claim of excessive force, where plaintiff's underlying conviction was for aggravated assault of a police officer which required proof that plaintiff caused serious bodily injury to the officer).

medical needs. That is, he has failed to allege Defendants knew of and disregarded a substantial risk of serious harm. Accordingly, Robinson has failed to state a claim for a violation of his due process rights. *See Id.* at 420.

## IV. State Law Claims

### A. False Arrest and Imprisonment

Robinson asserts a claim of "false arrest/imprisonment" under Louisiana law. [Doc. No. 11 at ¶ 15]. "Wrongful arrest, or the tort of false imprisonment, occurs when one arrests and restrains another against his will and without statutory authority." *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669, 690 (La. 2006). "The tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention." *Id.* Because Robinson was arrested without a warrant, Officer Lipps "had statutory authority for the arrest only if [he] had probable cause." *Deville v. Marcantel*, 567 F.3d 156, 172 (5th Cir. 2009). In this matter, the fact of Robinson's conviction for resisting an officer negates the second element of a false arrest claim. *Thomas v. Pohlmann*, 681 Fed.Appx. 401, 408 (5th Cir. 2017) (citing *Restrepo v. Fortunato*, 556 So.2d 1362, 1363 (La. Ct. App. 1990)). Because Robinson cannot show his detention was unlawful without challenging the validity of his conviction, his state law claim for false arrest/false imprisonment must be dismissed. *Id.* at 408-09; *see also Thomas v. Louisiana, Dept. of Social Services*, 406 Fed.Appx. 890, 897-98 (5th Cir. 2010).

### B. Assault and Battery

Robinson asserts claims for assault and battery under Louisiana law. "Under Louisiana law, a battery is a 'harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact.'" *Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1135 (5th Cir. 2014) (quoting *Caudle v. Betts*, 512 So.2d 389, 391 (La.1987)). "Battery does not require

the intent to inflict damage: '[i]t is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent.'" *Id.* (quoting *Caudle* at 391). Assault is the imminent threat of a battery. *Id.* "Under ordinary circumstances the use of reasonable force to restrain an arrestee shields a police officer from liability for battery." *Id.* (quoting *Ross v. Sheriff of Lafourche Parish*, 479 So.2d 506, 511 (La.App. 1 Cir. 1985)). However, "excessive force transforms ordinarily protected force into an actionable battery." *Id.* (alterations omitted) (quoting *Penn v. St. Tammany Parish Sheriff's Office*, 843 So.2d 1157, 1161 (La.App. 1 Cir. 2003)).

In this matter, Robinson alleges immediately after he and Lipps exchanged words, Lipps "'suplex' slam[ed] Mr. Robinson head first on the concrete. . . ." [Doc. No. 11 at ¶ 8]. According to the allegations set forth in the Complaint, "At the time of this violent attack Mr. Robinson did not pose a threat to Officer Lipps." *Id.* at ¶ 9. The Court cannot, consistent with Rule 12(b)(6), make the factual determinations inherent in an analysis of whether Lipps' use of force was "reasonable." Accordingly, the Court finds these allegations are sufficient to state a claim for assault and battery under Louisiana law.

### C. Remaining state law claims

Defendants do not address Robinson's state law claims for: (1) failure to provide medical attention, (2) negligent and intentional infliction of emotional distress, or (3) loss of consortium. Accordingly, the Court declines to dismiss those claims.

With regard to Robinson's claim for bystander damages pursuant to La. Civ. Code art. 2315.6[7], Defendants contend this claim is barred as a matter of law because it "is a derivative claim which necessarily requires a finding of liability against the defendants on Robinson's main cause

---

[7] Louisiana Civil Code article 2315.6 permits an award of damages to the children of an injured person, if they view the event causing the injury or come upon the scene soon thereafter.

of action." [Doc. No. 15-1 at 24]. Defendants continue, "Since *Heck* and its progeny bar Robinson's claims, as discussed above, his children's claims for *LeJeune*-type damages likewise fail as a matter of law and fail to state a claim upon which relief can be granted." *Id.* Because the Court finds *Heck* does not bar all claims asserted in this matter, the Court declines to dismiss this claim on the grounds argued.

Finally, Robinson sets forth a claim of vicarious liability, to wit:

> Defendants Lafayette City-Parish Consolidated Government, Mayor Joel Robideaux, and Chief Toby Aguillard, are liable unto Mr. Robinson under the doctrine of respondeat superior for the tortious act of their employer [sic], Defendant Lipps, committed against . . . Mr. Robinson, during the course and scope of employment and while under its control, direction and supervision pursuant to La. C.C. 2317 and 2320.

[Doc. No. 11 at ¶ 16]. Defendants assert because all of Robinson's claims against Lipps fail as a matter of law, there can be no vicarious liability. As the Court has found Robinson has adequately stated a claim for assault and battery, the Court declines to dismiss this claim.

## V. Conclusion

For the reasons set forth above, the Motion to Dismiss [Doc. No. 15] filed by Defendants Lafayette City-Parish Consolidated Government and Officer Gene Lipps is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent it seeks dismissal of Robinson's claim for unlawful arrest in violation of the Fourth Amendment, and such claim is DISMISSED WITH PREJUDICE to being asserted again until such time as the *Heck* conditions are met.[8] The motion is further GRANTED to the extent it seeks dismissal of Robinson's claim of a violation of his due process rights under the Fourteenth Amendment and Robinson's state law claim for false arrest and imprisonment. The motion is DENIED to the extent it seeks dismissal of Robinson's

---

[8] *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

claim for excessive force in violation of the Fourth Amendment and Robinson's state law claims for assault and battery, failure to provide medical attention, negligent and intentional emotional distress, and vicarious liability. The motion is further DENIED to the extent it seeks dismissal of Robinson's children's claims for loss of consortium and bystander damages.

THUS DONE in Chambers on this 4th day of January, 2019.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**