**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JASPER ROBINSON ET AL** | **CASE NO. 6:18-CV-01062** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **GENE LIPPS ET AL** | **MAGISTRATE JUDGE HANNA** |

# REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6) filed on behalf of Mayor-President Joel Robideaux, individually and in his official capacity as Mayor-President of Lafayette City-Parish Consolidated Government, and Chief Toby Aguillard, Individually and in his official capacity as Chief of Police for Lafayette City-Parish Consolidated Government. (Rec. Doc. 31). Plaintiffs, Jasper Robinson, individually and together with Andrea Williams on behalf of their minor children, oppose the Motion (Rec. Doc. 34), and Robideaux and Aguillard have replied (Rec. Doc. 35). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that Robideaux and Aguillard's Motion be GRANTED.

**Factual Background**

Plaintiffs filed this suit following Jasper Robinson's arrest by Lafayette Police Officer Lipps on July 15, 2017. Plaintiffs initially filed suit in Louisiana state court on July 10, 2018 against Lafayette City-Parish Consolidated Government ("LCG") (mis-named as the City of Lafayette) and Officer Lipps asserting various §1983 claims and state law claims. (Rec. Doc. 1-1). LCG and Officer Lipps removed the case in August 2018. (Rec. Doc. 1). Plaintiffs filed a First Supplemental and Amending Complaint on September 21, 2018, in which they re-named LCG (properly named) and Officer Lipps and added Robideaux and Aguillard as new defendants. (Rec. Doc. 11). Plaintiffs re-alleged details regarding the arrest incident involving Jasper Robinson and Officer Lipps. None of Plaintiffs' factual allegations mentioned Robideaux or Aguillard. (Rec. Doc. 11, ¶4-12).

On March 18, 2019, the Court issued a Notice of Intent to Dismiss Robideaux and Aguillard for failure to serve. (Rec. Doc. 24). Plaintiffs moved for, and the Court granted on March 21, 2019, an extension of time for service. (Rec. Doc. 26). Robideaux and Aguillard subsequently executed a waiver of service. (Rec. Doc. 27; 28).

In the meantime, original Defendants, LCG and Officer Lipps, moved to dismiss the First Amended Complaint, which the Court granted in part and denied in part. Specifically, the Court dismissed Plaintiffs' claims for unlawful arrest and

due process violations. (Rec. Doc. 21, at 6-8; 14; 15). The Court maintained Plaintiffs' §1983 claims for excessive use of force and state law claims for assault, battery, inadequate medical attention, negligent and intentional infliction of emotional distress, loss of consortium, and bystander claims. (Rec. Doc. 21, at 8-13; 15-17).

Since the Court's ruling on LCG and Officer Lipps's Motion to Dismiss and Robideaux and Aguillard's waiver of service, Robideaux and Aguillard filed their own Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6), which is the Motion currently before the Court. (Rec. Doc. 31). Robideaux and Aguillard seek dismissal of Plaintiffs' §1983 claims against them in their individual capacities (claims for failure to supervise and train) and in their official capacities (as claims duplicative of those against LCG), as well as Plaintiffs' state law claims against them as prescribed.

## Applicable Law

### I. Law applicable to Rule 12(b)(6)

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-

pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir.2008). With these precepts in mind, the Court considers the Plaintiffs' Amended Complaint.

## II. Whether Plaintiffs have stated a §1983 claim against Robideaux and Aguillard in their Individual Capacities.

42 U.S.C. §1983 is the procedural mechanism by which substantive constitutional deprivations may be vindicated. "To pursue a claim under § 1983, a

'plaintiff[ ] must (1) allege a violation of *rights* secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir.2008), quoting *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1050 (5th Cir.1993). "In other words, '[§] 1983 confers no substantive rights, but merely provides a remedy for the violation [by a person acting under color of state law,] *of rights* secured under the Constitution and laws of the United States." *Id*., citing *Kirchberg v. Feenstra*, 708 F.2d 991, 1000 (5th Cir.1983).

§1983 claims include those against state actors in their individual and/or official capacities. In order to assert a valid claim against an official in his individual capacity, "[a] § 1983 claimant must 'establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation.' "*Jones v. Lowndes Cty., Miss.*, 678 F.3d 344, 349 (5th Cir.2012), quoting *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir.2008). "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir.2001). "A supervisory official may be held liable ... only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir.2011), quoting

*Gates v. Texas Department of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir.2008). To establish supervisor liability for constitutional violations committed by subordinate employees, the plaintiff must show that the supervisor acted or failed to act with deliberate indifference to the violation of others' constitutional rights committed by their subordinates. *Porter*, 659 F.3d at 446; *Gates*, 537 F.3d at 435. Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Porter*, 659 F.3d at 447, quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiffs' sole allegations against Robideaux and Aguillard are:

- Mayor Robideaux is responsible for the hiring, training, discipline, supervision, and control of the Lafayette Police officers who are defendants herein, including Chief Aguillard. (Rec. Doc. 11, ¶1C).
- Toby Aguillard was and is responsible for the supervision, administration, policies, practices, customs, and procedures of the LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT Police Department, as well as the hiring, training, supervision, discipline, and control of police personnel under his command, including Officer Gene Lipps. (Rec. Doc. 11, ¶1D).
- Defendants Lafayette City-Parish Consolidated Government, Mayor Joel Robideaux, and Chief Toby Aguillard, are liable unto Mr. Robinson under the doctrine of *respondeat superior* for the tortious act of their employer, Defendant Lipps, committed against third parties, such as Mr. Robinson, during the course and scope of employment and while under its control, direction and supervision pursuant to La. C.C. 2317 and 2320. (Rec. Doc. 11, ¶16).

The United States Supreme Court established long ago that an employer of a tort feasor alleged to have violated the plaintiff's civil rights is not liable under a

theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Nonetheless, Plaintiff claim that Robideaux and Aguillard are independently liable for failure to supervise and train subordinate employees. In order to prevail on a failure to train theory, Plaintiffs must prove that 1) the mayor or chief failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir.2001).

The Amended Complaint fails to allege any specific facts regarding Robideaux and Aguillard beyond conclusory statements that Robideaux is responsible for hiring, training, discipline, supervision, and control of police officers, including Chief Aguillard, and that Aguillard is responsible for supervision, administration, policies, practices, customs and procedures of the police department, as well as for hiring, training, supervision, discipline, and control of police officers, including Officer Lipps. The Complaint does not allege that either Robideaux or Aguillard personally employed Officer Lipps. To the contrary, the Complaint suggests that Officer Lipps was employed by LCG. The Complaint does not allege that either Robideaux and Aguillard were present or in any way participated in the arrest. Neither did Plaintiffs identify or describe any specific policy or custom which

Robideaux or Aguillard personally promulgated or enforced. Nor is there any allegation suggesting any causal connection between any policy or custom promulgated or enforced by Robideaux and Aguillard individually and the alleged constitutional violation. The Complaint also lacks any allegations regarding Robideaux and Aguillard's individual involvement in any instance of allegedly inadequate training or supervision. Instead, the Complaint contains only conclusory statements broadly insinuating claims for municipal liability and failure to train against individual defendants. This is insufficient to withstand scrutiny under Rule 12(b)(6).

Plaintiffs argue that anticipated discovery may reveal facts supporting their claims. (Rec. Doc. 34, at 23). Plaintiffs are not entitled to conduct discovery in order to sufficiently plead necessary facts to support their claims. *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."); *Senegal v. Jefferson Cty.*, 1 F.3d 1238 (5th Cir.1993) ("A motion to dismiss pursuant to Rule 12(b)(6) is decided solely on the pleadings; thus, the degree of discovery conducted is irrelevant to a Rule 12(b)(6) motion."). Absent specific factual allegations tending to show that Robideaux and Aguillard could be individually liable, Plaintiffs have failed to state a claim. Hence,

the Court finds that Robideaux and Aguillard's Motion to Dismiss should be granted insofar as Plaintiffs' assert claims against Robideaux and Aguillard in their individual capacities.

**III. <u>Whether Plaintiffs have stated a §1983 claim against Robideaux and Aguillard in their Official Capacities.</u>**

"'[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.'" *Givs v. City of Eunice*, No. 6:05–CV–0788, 2006 WL 1831528, at *1 (W.D.La. June 29, 2006) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). See also *Broussard v. Lafayette City-Par. Consol. Gov't*, 45 F. Supp. 3d 553, 578–79 (W.D. La. 2014). "A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents." *Deshotels v. Village of Pine Prairie*, No. 11–CV–2052, 2012 WL 1712358, at *4 (W.D.La. Apr. 13, 2012). Therefore, it is "well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, No. 12–951, 2012 WL 3962387, at *4 (W.D.La. Sept. 4, 2012), citing *Monell, supra*. When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir.2001); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir.1996). Thus,

the Court finds that Plaintiffs' claims against Robideaux and Aguillard in their official capacities are redundant of claims asserted against LCG and should therefore be dismissed.

## IV. Whether Plaintiffs' state law claims against Robideaux and Aguillard are prescribed.

Robideaux and Aguillard seek to dismiss Plaintiffs' state law claims against them as prescribed. Plaintiffs' remaining state law claims for assault, battery, failure to provide medical attention, negligent and intentional infliction of emotional distress, cruel treatment, and bystander damages, as well as loss of consortium claims, and Plaintiffs' claims against Robideaux and Aguillard for vicarious liability of same, are claims sounding in tort, which are subject to Louisiana's one-year prescriptive period applicable to delictual actions. La. C.C. art. 3492.

Plaintiffs initially filed suit solely against LCG and Officer Lipps on July 10, 2018. (Rec. Doc. 1-1). They did not name Robideaux and Aguillard as defendants until they filed the First Amended and Supplemental Petition on September 21, 2018. (Rec. Doc. 11). Thus, Plaintiffs' claims against Robideaux and Aguillard are prescribed on the face of the Complaint, unless the Amended Complaint relates back to the date of the originally filed Petition. Relation back of a pleading is governed by F.R.C.P. Rule 15(c)(1), which states:

> An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

It is indisputable that the Amended Complaint asserts claims arising out of the same incident (Robinson's arrest). "Rule 15(c) cannot be read to mean that any untimely cross-claim or pleading automatically relates back to the original complaint or answer merely because the later pleading arises from the same conduct, transactions and occurrences; otherwise, all cross-claims would be exempted from any time limitations because such claims must arise out of the same conduct, transactions, and occurrences in order to be asserted as cross-claims." *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1368, fn. 6 (5th Cir.1994). "Rather, there must be indication that the opposing party has been put on notice." *Id.*, citing 6A Charles A. Wright, et al., Federal Practice and Procedure §

1496 (1990) ("[T]he standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised in the amended pleading."). Therefore, even though the Complaint meets the transactional test of Rule 15(c)(1)(B), the Court must nevertheless determine, first, whether Louisiana law would allow the Amended Complaint to relate back under Rule 15(c)(1)(A), and, second, whether Rule 15(c)(1)(C) applies to allow relation back.

**A. <u>Whether Louisiana law would allow the Amended Complaint to relate back.</u>**

Louisiana law allows the relation back of an amending petition if:

(1) The amended claim arises out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant has received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant knows or should know that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant is not a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Ray v. Alexandria Mall,* 434 So.2d 1083, 1087 (La.1983).

The Louisiana Supreme Court has emphasized that prejudice to the newly named defendant is a significant consideration, such that the court must consider whether the new defendant had sufficient notice of the filing of the suit. *Findley v.*

*City of Baton Rouge*, 570 So. 2d 1168, 1171 (La.1990). Further, "when there is an identity of interest between the originally named defendant and the party the plaintiff actually intended to sue, the amendment may relate back, in the absence of prejudice, on the basis that institution of the action against one serves to provide notice of the litigation to the other. *Id.*, citing 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1499 (1990); 3 Moore's Federal Practice ¶ 15.08[5] (2d ed. 1989). "Sufficiency of the identity of interests depends upon the closeness of the relationship between the parties in their business operations and other activities." *Id*. The court may also consider whether one defendant operated any control over the other. *Savoie v. Calcasieu Par. Sheriff Office*, 2014-1133 (La. App. 3 Cir. 3/4/15), 157 So.3d 1278, 1283.

Robideaux and Aguillard argue that La. R.S. 13:5107(D) overrides the principles of relation back and interruption of prescription against joint tortfeasors[1] (which might otherwise save the suit from prescription) in a case such as this, where the plaintiff has not timely served employees of a political subdivision. La. R.S. 13:5107(D) provides:

> (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action

---

1 Under Louisiana prescription rules, suit against a joint tortfeasor interrupts prescription against other joint tortfeasors. La. C.C. art. 2324(C).

or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party….

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.

La. R.S. 13:5107(D) is an exception to the general rules of prescription in favor of political entities and their employees. *Mott v. City of Eunice ex rel. Morris*, 2013-921 (La. App. 3 Cir. 12/11/13), 128 So.3d 687, 690, *writ denied*, 2014-0093 (La. 4/4/14), 135 So.3d 641, quoting *Johnson v. Shafor*, 08–2145, p. 0 (La.App. 1 Cir. 7/29/09), 22 So.3d 935, 940, *writ denied*, 09–1921 (La.11/20/09), 25 So.3d 812. "[A] failure to timely serve citation on a state or state agency defendant, which results in dismissal of the state party from the case, prevents interruption of the running of the prescriptive period." *Cruz v. Louisiana ex rel. Dep't of Pub. Safety & Corr.*, 528 F.3d 375, 380 (5th Cir.2008). This holds true even if the contradictory hearing contemplated by 5107(D)(2) has not occurred, as long as the facts show that service on the governmental entity was not requested within 90 days, such that the

entity *would have been* entitled to dismissal. *Borrello v. City of Kenner*, 99-420 (La. App. 5 Cir. 11/30/99), 750 So.2d 230, 234. When the requirements for dismissal under La. R.S. 13:5107(D) are met, dismissal of the action is mandatory. *Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections*, 528 F.3d 375, 381 (5th Cir.2008); *Thibodeaux v. City of Rayne*, No. CIV.A. 13-3073, 2014 WL 4181471, at *3 (W.D. La. Aug. 20, 2014); *Truxillo v. E. Baton Rouge Sheriff's Office*, No. CIV.A. 10-348-BAJ, 2010 WL 3259372, at *2 (M.D. La. Aug. 16, 2010).

Plaintiffs filed the Amended Complaint on September 21, 2018, and they failed to execute service within 90 days (by December 20, 2018). Plaintiffs did not file a Motion for Extension of Time to Effect Service until 180 days later, on March 20, 2018. Thus, the requirements of La. R.S. 13:5107(D) are satisfied, such that dismissal against Robideaux and Aguillard, employees of a political subdivision (LCG), is warranted.[2] The suit so prescribed cannot relate back to the filing of the original Petition or serve to interrupt prescription against a joint tortfeasor (assuming, without deciding, that Robideaux and Aguillard would qualify as joint tortfeasors). See *Mott*, 128 So.3d at 691; *Meadows v. Cross Gates, Inc.*, 2003-1408

---

[2] The Court notes that Plaintiff also failed to timely perfect service under F.R.C.P. Rule 4(m), which likewise provides a service period of 90 days. However, Robideaux and Aguillard did not move to dismiss on the grounds of insufficient service under Rule 4, in which case the issue would have been the sufficiency of Plaintiffs' "good cause" for requesting the extension.

(La. App. 1 Cir. 4/2/04), 878 So.2d 674, 677, *writ denied*, 2004-1060 (La. 6/18/04), 876 So.2d 813 (Fitzsimmons, J. concurring). Therefore, Louisiana law would deem the suit prescribed, and Plaintiffs' suit could not proceed under Rule 15(c)(1)(A).

**B. Whether Rule 15(c)(1)(C) would allow relation back.**

Since Plaintiffs' Amended Complaint cannot relate back or otherwise survive prescription under Louisiana law, Plaintiffs' claims against Robideaux and Aguillard can only survive if Rule 15(c)(1)(C) applies. Relation back in this context applies if all four of the following factors are met:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading;
> (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;
> (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it, and
> (4) the added party had notice within now 90 days following the filing of the complaint, or longer if good cause is shown.[3]
>
> *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir.1998), citing *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir.1992), and noting the effect of the 1991 amendment to Rule 15(c) in response to the factors enumerated by *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986).

Rule 15, as amended, "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Id*., quoting *Barrow v. Wethersfield*

[3] The court in *Jacobsen* relied on the service rules under Rule 4(m) before it was amended in 2015 to change the period for service from 120 days to 90 days.

*Police Dept.*, 66 F.3d 466, 469 (2d Cir.1995), *modified by* 74 F.3d 1366 (2d Cir.1996). The necessary elements for relation back under Rule 15(c)(1) are "notice" and "mistake." *Id*.

Notice can be inferred when there is an identity of interest between the original defendant and the newly named defendant, explained by the Fifth Circuit as follows:

> "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." In this regard, notice may be imputed to the new party through shared counsel.
>
> *Id*., citing *Kirk v. Cronvich*, 629 F.2d 404, 407–08 (5th Cir.1980); *Barkins v. International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir.1987); *Hendrix v. Memorial Hosp. of Galveston County*, 776 F.2d 1255, 1257–58 (5th Cir.1985).

The question of "mistake" under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known the identity of [the defendant] as the proper defendant, but whether [the defendant] knew or should have known that it would have been named as a defendant but for an error. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010). "Failure to identify individual defendants cannot be characterized as a mistake." *Jacobsen*, 133 F.3d at 320, citing *Barrow*, 66 F.3d at 469.

The Amended Complaint does not change the name of Robideaux and Aguillard or replace them as previously named defendants. Robideaux and Aguillard are entirely new defendants, sued in addition to original defendants, LCG and

Officer Lipps. In other words, the element of "mistake" is lacking, such that Rule 15(c)(1)(C) is not applicable. Nevertheless, even under the Rule 15(c)(1)(C) analysis, the Amended Complaint would not relate back. The Complaint does not set forth any factual allegations against Robideaux and Aguillard suggesting that they were in any way involved in the incident, and Robideaux and Aguillard had no reason to know, on the face of the Complaint, that they would be named individual defendants in this suit. Although it is reasonable to expect them, as Mayor-President and Chief of Police, to have had notice of the suit generally, this inference does not support a finding that either Robideaux or Aguillard could have anticipated they would be named as *individual* defendants. Whether they could have anticipated being named as defendants in their official capacities (as Plaintiffs suggest) is irrelevant, since, as discussed above, official capacity claims are redundant of claims against LCG, which Plaintiffs re-asserted in the Amended Complaint. Accordingly, the Court finds that Plaintiffs' claims would not relate back under Rule 15(c)(1)(C). Because the Amended Complaint does not relate back under any provision of Rule 15(c)(1), the Court finds that Plaintiffs' state law claims against Robideaux and Aguillard are prescribed and should be dismissed.

## **Conclusion**

For the reasons discussed herein, it is recommended that the Motion to Dismiss filed by Mayor-Present Joel Robideaux and Chief of Police Tony Aguillard (Rec. Doc. 31) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 17th day of July, 2019.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE